[No. 8,156.—Department Two.]
Aug. 24, 1882.

## DWIGHT YOUNGLOVE v. LYMAN NIXON.

DEMURRER TO ANSWER—SEVERAL DEFENSES—IMMATERIAL ERROR—PRACTICE.—Action upon a promissory note. The answer consisted of denials and several matters of counter-claim; and there was a demurrer to the answer generally, and to each defense, which was overruled. The appeal was on the judgment roll, and there was no bill of exceptions.

*Held:* It may be conceded that some portions of the answer are insufficient, but there was enough matter in it, well pleaded, to constitute a good defense to the action. It does not appear from anything found in the transcript, that the error complained of, affected any substantial right of the plaintiff (Sec. 475, C. C. P.); and the judgment is therefore affirmed.

APPEAL from a judgment for the defendant in the Superior Court of the County of Amador. MOORE, J.

The complaint and answer were as follows:

The above named plaintiff complains against the above named defendant, and alleges:

"1. That heretofore, to wit, on the first day of November, A. D. 1879, the plaintiff and defendant mutually settled and accounted together of, and concerning certain business and transactions theretofore had and transpired between them, and upon said settlement and accounting, the defendant was found to be indebted to the plaintiff in the sum of one thousand five hundred and ninety-nine dollars and forty-five cents, and the defendant, with the intention of making and delivering to the plaintiff his promissory note for the said sum one thousand five hundred and ninety-nine dollars and forty-five cents, payable one day thereafter, with interest at the rate of one per cent. per month, made and delivered to the plaintiff his certain promissory note and instrument in writing, in the words and figures following, to wit:

"$1599.45.

"IONE CITY, November 1, 1879.

"One day after date, for value received, I promise to pay the sum of one thousand five hundred and ninety-nine dollars and forty-five cents, with interest at the rate of one per cent. per month, until paid.        L. NIXON.

"And thereby intended to promise to pay to the plaintiff, and did promise to pay to the plaintiff, the sum of one thousand five hundred and ninety-nine dollars and forty-five cents, in one day thereafter, with interest at the rate of one per cent. per month until paid.

"2. That no part of said sum of one thousand five hundred and ninety-nine dollars and forty-five cents, nor of the interest thereon, has been paid, and that the whole thereof—both the said principal sum of one thousand five hundred and ninety-nine dollars and forty-five cents, and the interest thereon from the first day of November, 1879, are now due to the plaintiff, and unpaid.

"3. That by mistake and inadvertence, the name of the plaintiff was not written in said promissory note as payee, as it should have been, and as both the plaintiff and the defendant believed it had been therein written at the time of the making and delivery thereof to the plaintiff, as aforesaid.

"Wherefore the plaintiff prays judgment: That the said promissory note be reformed and corrected according to the

intention of the parties thereto, by writing therein the words 'to Dwight Younglove' (the plaintiff), after the word 'pay.'

"That the plaintiff have and recover of and from the defendant the said sum of one thousand five hundred and ninety-nine dollars and forty-five cents, together with the interest thereon from the first day of November, 1879, at the rate of one per cent. per month."

"Now comes the defendant, Lyman Nixon, and answers the complaint of the plaintiff, filed herein, and for a first defense to the said cause of action denies:

"1. That on the first day of November, 1879, or at any other time, the plaintiff and defendant mutually settled and accounted together concerning their previous business transactions, or made, or had made any settlement or accounting whatever, more than a casual looking over at the time for certain purposes. Denies that upon said settlement and accounting, the defendant was found to be indebted to the plaintiff in the sum of one thousand five hundred and ninety-nine dollars and forty-five cents, or in any other amount or sum whatever. Denies that there was ever any intention on the part of the defendant to make and deliver to the plaintiff said promissory note, or any other note for the sum of one thousand five hundred and ninety-nine dollars and forty-five cents, or any other sum whatever, for the use and purpose set forth in said complaint, or otherwise. Denies that he made, executed, and delivered to plaintiff any promissory note, as mentioned in the first subdivision of said complaint. Denies that said note was ever made or intended for the use and benefit of the plaintiff, as alleged in said complaint or otherwise. Denies that he ever intended or ever did promise to pay plaintiff one thousand five hundred and ninety-nine dollars and forty-five cents, or any other amount or sum what-. ever, one day after date, or any other time, with or without interest at one per cent or otherwise.

"Further answering—denies and avers that he has no information or belief upon the subject of the allegations of said complaint, contained in the second subdivision thereof, sufficient to enable him to answer the same; and putting his denials upon that ground, he denies that no part of said sum of one thousand five hundred and ninety-nine dollars and

forty-five cents, nor the interest thereon, has been paid, and denies that the said sum of one thousand five hundred and ninety-nine dollars and forty-five cents, or any other sum, with or without interest, is now due the plaintiff from this defendant.

"The defendant denies the allegations in the third subdivision of plaintiff's complaint. Denies that by mistake and inadvertence the name of plaintiff was left out as payee in said note. Denies that the name had ever ought to have been written in said note. Denies that either plaintiff or defendant, at any time or place, believed that the plaintiff's name had been written as payee in said note at the time of making thereof, or at any other time, and defendant avers, on information and belief, that the name of the payee was omitted in said note purposely and with the full understanding, knowledge, and intention of the plaintiff at the time for other purposes then understood by both parties.

"Defendant further answering, and for a cause of defense and counter-claim alleges: 1. That between the first day of November, 1879 and February 1, 1881, the plaintiff received from Hugh Masterson, on promissory note, principal and interest, one hundred and fifteen dollars; from Samuel Prouty, on promissory note and interest, principal and interest, four hundred and thirty-three dollars and twenty cents; money received from Alex. Thompson, sixty-two dollars and sixty-two cents; money received from John Dillian, seventeen dollars and fifty cents; making the total amount of six hundred and thirty-two dollars and thirty-two cents, plaintiff has received for the use of this defendant. That he has not paid the same nor any part thereof.

"2. Defendant for a further counter-claim avers that plaintiff is indebted to him in the sum of seventy-seven dollars and fifty-two cents, for thirteen head of hogs—one thousand nine hundred and thirty-eight pounds at four cents per pound, seventy-seven dollars and fifty-two cents—delivered at his request about November 23, 1879. That he has not paid the same.

"3. Defendant for another and further counter-claim avers: That between November 1, 1879, and November 23, 1880, he has paid, laid out, and expended large amounts of money for

the use and benefit of said plaintiff and at his instance and request, to wit: the sum of one thousand two hundred and ninety-seven dollars and seventy-three cents. That he has not paid the same.

"Wherefore, defendant demands judgment against said plaintiff for the sum of two thousand seven hundred and fifty-seven dollars and fifty-seven cents and cost.

"Duly verified."

*John W. Armstrong*, for Appellant.

*A. C. Brown*, for Respondent

The COURT:

Plaintiff brought this action on a promissory note for one thousand five hundred and ninety-nine dollars and forty-five cents, and the defendant set up several matters of defense in his answer. There was a demurrer to the answer, which was overruled by the Court, and on the trial of the case a verdict was rendered in favor of the defendant. The case comes before this Court on the judgment roll, and appellant assigns as error the order of the Court overruling the demurrer to the answer.

It may be conceded that some portions of the answer are insufficient, but there was enough matter in it, well pleaded, to constitute a good defense to the action. It does not appear from anything found in the transcript, that the error complained of, affected any substantial right of the plaintiff (Sec. 475, C. C. P.); and the judgment is therefore affirmed.